UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEVEN G. B. BIRO, *pro se*, :
:
                  Plaintiff, : **MEMORANDUM AND ORDER**
: 12-CV-6189 (DLI)(JMA)
              -against- :
:
ANDREW CUOMO, THE NEW YORK STATE :
DIVISION OF MILITARY AND NAVAL AFFAIRS, :
PATRICK A. MURPHY, *the Adjutant General of* :
*New York State*, FERGAL I. FOLEY, *Major General* :
*NYG, Commander of the NYC*, :
:
                  Defendants. :
------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

    Plaintiff Steven G. B. Biro ("Biro" or "Plaintiff"), proceeding *pro se*,[1] brings this purported class action[2] against Andrew Cuomo, the New York State Division of Military and Naval Affairs ("DMNA"), Patrick A. Murphy, and Fergal I. Foley (collectively, "Defendants"). Plaintiff seeks relief pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and the New York State Human Rights Law ("HRL"), challenging Defendants' policy of mandating retirement from military service at 68 years of age. (Compl., Doc. Entry No. 1.) Defendants move to dismiss all of the claims asserted against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Notice of Motion to Dismiss, Doc. Entry No. 9.) After Plaintiff missed the deadline to respond, Defendants' motion was deemed

---

[1] In reviewing Plaintiff's submissions, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets Plaintiff's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Although Plaintiff purports to seek relief on behalf of a similarly situated class of plaintiffs, it is well-established that "a *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." *Barnes v. Ross*, 926 F. Supp. 2d 499, 505 (S.D.N.Y. 2013) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). Although Plaintiff is an attorney, his license is in delinquent status. Thus, the Court considers only the claims of the named Plaintiff.

unopposed on November 26, 2013.³ For the reasons set forth below, Defendants' motion is granted due to lack of subject matter jurisdiction and failure to state a claim.

## BACKGROUND

The following facts are taken from the Plaintiffs' complaint, as well as matters of which judicial notice may be taken, and are assumed true solely for purposes of this motion.

Plaintiff is a member of the New York Guard ("NYG"), one of four state forces in the DMNA. (Compl. ¶ 5.) While other state forces, namely the New York Army National Guard ("NYARNG") and the New York Air National Guard ("NYANG"), are federally recognized and subject to federal active duty, the NYG is purely a state force. (Compl. ¶ 7.) Members of the NYG typically serve on a voluntary basis. (Compl. ¶ 7.) Those members on the NYG's "Active List" may be called into state active duty, in which case they are paid for their service. (*Id.*) Members on the NYG's "Retired List" may not be called into active duty and, therefore, do not serve in paid positions. (*Id.*) Moreover, NYG members on the Retired List are not issued NYG identification cards. (*Id.*)

Plaintiff served in the NYG as a Judge Advocate with the rank of Lieutenant Colonel. (Compl. ¶ 5.) On August 17, 2011, Plaintiff turned 68 years of age. (Compl. ¶ 5.) At that time, he was removed from the NYG's Active List and placed on the Retired List, pursuant to New York Military Law § 21(1). (Compl. ¶ 23.) After exhausting his administrative remedies, Plaintiff filed the instant action. Plaintiff alleges that Defendants' policy requiring that NYG members be placed on the Retired List upon reaching age 68 constitutes age discrimination. (Compl. ¶ 26.) Plaintiff seeks declaratory judgment, injunctive relief, damages, and attorneys'

---

³ On December 13, 2013, Plaintiff submitted a letter to the Court indicating that he intended to retain an attorney and that the attorney would file a brief in opposition to the Defendants' motion by the end of December. As of the date of this Order, no attorney has appeared on behalf of the Plaintiff and no brief has been filed. Thus, Defendants' motion remains unopposed.

fees.  Defendants move to dismiss Plaintiff's claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, claiming that:  1) Plaintiff's claims are nonjusticiable; 2) Plaintiff's claims against the state are barred by the eleventh amendment; and 3) the complaint fails to state a claim upon which relief may be granted.  (Memorandum of Law in Support of the Defendants' Motion to Dismiss the Complaint ("Mem."), Doc. Entry No. 9-1.)

For the reasons set forth below, Defendants' motion is granted on the ground that the Court lacks jurisdiction over Plaintiff's claims against the State, and Plaintiff's complaint fails to state a claim against the individual defendants.

## DISCUSSION

### I. Legal Standard

Subject matter jurisdiction is a threshold issue.  Thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first.  *Sherman v. Black,* 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F. 2d 674, 678 (2d Cir. 1990)).  It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted).  "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."  *Id*.

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See Petway v. N.Y.C. Transit Auth*., 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x. 66 (2d Cir. 2011).  Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C.

§ 1331. A case arises under federal law within the meaning of the general federal question statute only if the federal question appears from the facts of the plaintiff's well pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the

plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

**II.      Analysis**

**A.      Justiciability**

Defendants argue that Plaintiff's claims are nonjusticiable, because they "directly challenge the prerogative of the state military with respect to its right to appointment of its officers and . . . composition of its ranks." (Mem. at 7.) Courts often hesitate to entertain "intramilitary lawsuits" on the basis that such suits implicate the Separation of Powers doctrine. *Dibble v. Fenimore*, 339 F.3d 120, 125 (2d Cir. 2003) ("the Constitution's explicit grant of plenary authority to Congress to regulate the military counsels against court interference with military decisionmaking). Caution is warranted where a litigant "asks the court to tamper with the established relationship between enlisted military personnel and their superior officers[, which] is at the heart of the necessarily unique structure of the Military Establishment." *Dibble*, 339 F.3d at 125 (quoting *Chappell v. Wallace*, 462 U.S. 296, 300 (1983)).

However, "the military's freedom from suits brought by servicemembers is not absolute, [and] the Supreme Court [has] entertained constitutional and statutory challenges to military regulations." *Dibble*, 339 F.3d at 126. "The line between justiciable and nonjusticiable intramilitary suits has never been precisely defined by the Supreme Court," and the Second Circuit has "declin[ed] to adopt a categorical rule on the justiciability of intramilitary suits." *Dibble*, 339 F.3d at 126, 128. However, the Second Circuit has held that courts must look to the "nature of the intramilitary lawsuit[]," rather than the relief sought, to determine whether a case is justiciable. *Id.* at 128. Courts must decline to insert themselves into military decisionmaking where, for example, they "would be forced to make a particularized inquiry into the mindset of [a litigant's] superior officers." *Id.* On the other hand, the Second Circuit has held that courts

5

should entertain suit "where the military has failed to follow its own mandatory regulations in a manner substantially prejudicing a service member." *Id.* (citing *Blassingame v. Sec'y of the Navy*, 866 F.2d 556, 559–60 (2d Cir. 1989); *Ornato v. Hoffman*, 546 F.2d 10, 13 (2d Cir. 1976); *Crawford v. Cushman*, 531 F.2d 1114, 1120 (2d Cir. 1976)).

Here, Plaintiff purports to challenge the NYG's mandatory retirement age, which is a rule of general applicability rather than a "discrete military personnel decision." *See Yarusso v. 106th Rescue Wing, New York Air Nat. Guard, New York*, 2012 WL 2155270, at *4 (E.D.N.Y. June 11, 2012) (finding that cases requiring review of discrete military personnel decisions are nonjusticiable, because they require fact-specific inquiry into an area affecting military order and discipline), *aff'd sub nom.*, 511 F. App'x 13 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 235 (2013). Adjudication of Plaintiff's claims, which essentially assert a facial challenge to New York Military Law § 21(1), does not require the type of "particularized inquiry" that would cause the court to improperly insert itself into military decisionmaking. Instead, this case presents a clear question of law appropriate for judicial review.

Accordingly, Defendants' assertion that Plaintiff's claims are nonjusticiable is without merit, and the court proceeds to consider Defendants' additional arguments. However, for the reasons stated below, Plaintiff's claims are nonetheless dismissed in their entirety.

### B. Sovereign Immunity

In interpreting the Eleventh Amendment of the United States Constitution, the Supreme Court has consistently held that "nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also McGinty v. New York*, 251 F.3d 84, 92 (2d Cir. 2001) (Congress has not abrogated the states' sovereign immunity from actions brought pursuant to the ADEA); *Jones v. New York*

*State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (the DMNA is a state agency entitled to Eleventh Amendment immunity). Plaintiff has not alleged, nor is there any indication, that Congress has abrogated the State's immunity or that the State has expressly consented to be sued in federal court under the ADEA or the HRL. Accordingly, Plaintiff's claims against the DMNA, a state agency, must be dismissed on sovereign immunity grounds.

The Eleventh Amendment similarly bars Plaintiff from pursuing a claim for damages against the individual defendants in their official capacities. *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000). Plaintiff's complaint does not expressly indicate whether he intended to bring suit against the individual defendants in their official or their personal capacities. To the extent that the complaint alleges claims for damages against the individual defendants in their official capacities, such claims are dismissed on sovereign immunity grounds. Nonetheless, this Court has jurisdiction to consider Plaintiff's claims for prospective injunctive relief against the individual defendants in their official capacities pursuant to the *Ex Parte Young* doctrine. *See CSX Transp., Inc. v. New York State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002).

Accordingly, Plaintiff's claims against the state and his claims for damages against the individual defendants in their official capacities are dismissed for lack of jurisdiction. The Court proceeds to consider whether Plaintiff's remaining claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Failure to State a Claim Under the ADEA

Defendants further contend that Plaintiff has failed to state a claim under the ADEA because, *inter alia*: 1) there is no individual liability under the ADEA, and 2) the ADEA is inapplicable to state military departments.

It is well established that the ADEA does not provide for liability against individual

7

supervisors. *Constantine v. Empire State Dev.*, 2013 WL 5295720, at *3 (E.D.N.Y. Sept. 18, 2013) (citing *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (summary order)); *Fox v. State Univ. of New York*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) (collecting cases). Moreover, the ADEA does not apply to uniformed members of the armed services. *Baldwin v. U.S. Army*, 223 F.3d 100, 101 (2d Cir. 2000) (The Second Circuit has made it "clear that uniformed members of the armed services may not assert claims under . . . the ADEA."); *Frey v. State of Cal.*, 982 F.2d 399, 404 (9th Cir. 1993) (holding that Congress' failure to expressly include the states' military departments within the definition of employer demonstrates an intent to exclude the military departments of the states from the ADEA"); *See also Spain v. Ball*, 928 F.2d 61, 63 (2d Cir. 1991); *Roper v. Department of the Army*, 832 F.2d 247, 248 (2d Cir. 1987).

Accordingly, Plaintiff's claims under the ADEA against the individual defendants are dismissed for failure to state a claim upon which relief may be granted. Thus, the Court declines to address Defendants' remaining arguments.

**D.  Supplemental Jurisdiction**

Having dismissed Plaintiff's sole federal claim under the ADEA, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the HRL. *See* 28 U.S.C. § 1367(c)(3); *Valencia rel Franco v. Lee*, 316 F.3d 299, 304-06 (2d Cir. 2003). Accordingly, Plaintiff's complaint is dismissed in its entirety.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in its entirety.

SO ORDERED.
Dated:  Brooklyn, New York
       March 27, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge